**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| JOSEPH W. HUBER, JR., | : | Case No. 3:12-cv-288 |
| Plaintiff, | | |
| | | District Judge Walter H. Rice |
| vs. | : | Magistrate Judge Michael J. Newman |
| STATE OF OHIO, *et al.*, | | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT (1) PLAINTIFF'S *PRO SE* COMPLAINT BE DISIMSSED WITHOUT PREJUDICE; AND (2) THIS CASE BE CLOSED**
**\*\*\***
**ORDER (1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*; AND (2) STAYING THIS CASE PENDING THE COURT'S REVIEW OF THIS REPORT AND RECOMMENDATION**

This matter is before the Court upon *pro se* Plaintiff's motion to proceed *in forma pauperis* (doc. 1), and the Court's corresponding *sua sponte* review of his complaint (doc. 1-2) pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  The Court may dismiss Plaintiff's complaint upon finding his claims:  (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

A complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325.  A complaint has no arguable factual basis when its allegations are "fantastic or delusional"; and no arguable legal basis

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

when it presents "indisputably meritless" legal theories -- for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).

Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). While *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying the *Iqbal* and *Twombly* dismissal standards to § 1915(e)(2)(B)(ii)).

*Pro se* Plaintiff, an inmate at the Chillicothe Correctional Institution ("Chillicothe"), apparently brings this action pursuant to 42 U.S.C. § 1983 against three defendants: the State of Ohio; Norman Robinson, the Chillicothe Warden ("Warden"); and Amy Smith, Assistant Clark County Prosecutor ("Prosecutor Smith").[2] Doc. 1-1 at PageID 11. Assuming, *arguendo*, that Plaintiff has alleged sufficient facts to support § 1983 claims in the first instance, his claims

---

[2] The Court notes that Plaintiff previously filed a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 in this Court in *Huber v. Warden, Chillicothe Correctional Institution*, Case Number 3:11-cv-08. Plaintiff voluntarily moved to dismiss his case, and the Court granted his motion - dismissing his *habeas* petition without prejudice. *See id.* at docs. 6, 7. Pursuant to the Court's Order, the Clerk mailed Plaintiff blank summonses, a blank *pro se* complaint form, and an *in forma pauperis* application on January 9, 2012 – which likely led to his filing of this § 1983 case.

nonetheless fail for the following reasons.

First, Plaintiff seeks monetary relief from two defendants who are both immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2). Plaintiff's § 1983 claim against the State of Ohio is barred under Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 340-41 (1979). Likewise, Plaintiff's claim against Prosecutor Smith – alleging she "filed on behalf of the State of Ohio a brief in opposition of the Plaintiff's direct appeal brief that contained fraudulent misstatements of material facts with the deliberate intent to corrupt the outcome of Plaintiff's proceedings" – is barred by the doctrine of prosecutorial immunity. Doc. 1-1 at PageID 12. A prosecutor, acting as an advocate for the State, is absolutely immune from liability in § 1983 suits. *See Burns v. Reed*, 500 U.S. 478, 484-87 (1991). This absolute prosecutorial immunity applies to a claim such as Plaintiff's – that a prosecutor presented false or defamatory testimony in judicial proceedings. *See id.*

Second, Plaintiff has failed to state a claim for injunctive relief against the Warden.[3] Plaintiff requests that the Court order the Warden release him from prison. *See* doc. 1-1 at PageID 12-14. The relief Plaintiff seeks against the Warden can only be granted by a writ of *habeas corpus*. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that a prisoner's "sole federal remedy" when seeking release from prison is a writ of *habeas corpus*). Therefore, as there is no likelihood that Plaintiff would be successful on the merits, even under a liberal construction of his § 1983 complaint, he has failed to state a claim against the Warden upon which relief can be granted. *See Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625, 632 (6th Cir. 2000).

Accordingly, Plaintiff's complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for seeking monetary relief from defendants who are immune

---

[3] Plaintiff does not seek damages against the Warden. *See* doc. 1-1 at PageID 12-14.

from such relief, and for failure to state a claim upon which relief can be granted.  The Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* (doc. 1).  However, the Court **RECOMMENDS** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**; and this case be **CLOSED**.  Further, this case is **STAYED** pending Judge Rice's review of this Report and Recommendation.

September 10, 2012                                              s/ **Michael J. Newman**
                                                                United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).